LETTS, Judge, concurring
specially:
I agree with Judge Anstead, but find it worth-while to discuss the administrative requirement that the petition “be filed within 21 days of your receipt of the notice. . ."
Technically the petition was not filed within the 21 days, but was mailed within that time. I agree this should suffice if the petition gets there before the division of finance has acted. The problem will be, that upon receipt of this opinion, the State agency may react by making sure that, henceforth, positive action is taken on the morning of the 22nd day. I feel this should be error.
As the agency itself admits, Section 120.-57, Florida Statutes (1975), which governs the A.P.A., contains no time limits mandating when and how a party must respond. Accordingly, the agency reasons that the legislature has left the manner of response to its discretion. I do not disagree with that, but feel that basic fundamental fairness must be the standard. This is not an impartial court demanding that a jurisdictional filing take place on or before a certain date. Rather this is the demand of the partial agency who will itself wield the default axe. In my view, proof of mailing within the time period should suffice, otherwise the agency is jumping out of dark corners on lawyers long accustomed to filing responsive pleadings under Fla.R.Civ.P. 1.090(e). A similar proof of mailing provision would, in my view, better serve the “reasonable notice” requirement set forth in Chapter 120.57. We note Judge Smith’s opinion in Fox v. South Florida Regional Planning Council, 327 So.2d 56 (Fla. 1st DCA 1976) holding that mailing time cannot be added where administrative appeals are concerned. We do not quarrel with his opinion based, as it was, on a Supreme Court decision. However, in the case at bar we are not concerned with an appeal but with an “administrative complaint” calling for a responsive pleading. I find the distinction compelling.